Filed 10/7/15  Rogers v. Justmugshots.com CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| ZIM ROGERS, | B258863 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC530194) |
| v. | |
| JUSTMUGSHOTS.COM, CORP., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jane L. Johnson, Judge.  Affirmed.

Reed & Scardino, LLP, Joshua G. Jones; Schiffer & Buus, APC, Eric M. Schiffer and William L. Buus for Defendant and Appellant.

Kabateck Brown Kellner, LLP, Brian S. Kabateck, Joshua H. Haffner and Sally J. Son for Plaintiff and Respondent.

\* \* \* \* \* \*

As of January 1, 2015, Civil Code section 1798.91.1, subdivision (b) makes it unlawful for "any person engaged in publishing or otherwise disseminating a booking photograph through a print or electronic medium to solicit, require, or accept the payment of a fee or other consideration from a subject individual to remove, correct, modify, or to refrain from publishing or otherwise disseminating that booking photograph."  Plaintiff Zim Rogers filed this putative class action lawsuit against defendant Justmugshots.com, Corp. to challenge that very practice.  But because plaintiff filed this lawsuit before the effective date of Civil Code section 1798.91.1, plaintiff alleged claims pursuant to Civil Code section 3344 for misappropriation of likeness and Business and Professions Code section 17200 for unfair and unlawful business practices.  Defendant filed an anti-SLAPP[1] motion to strike both claims (Code Civ. Proc., § 425.16 (section 425.16)), which the trial court denied, finding plaintiff's claims were not based on protected activity, and even if they were, plaintiff demonstrated a probability of prevailing.  We agree plaintiff's claims were not based on protected activity, so we need not decide whether plaintiff has shown a probability of prevailing.  We affirm.

## BACKGROUND

According to plaintiff's complaint, defendant operates two Web sites— www.justmugshots.com and mugshots.mobi—on which it posts public record booking photographs and/or names of individuals who have been arrested and charges a fee of $199 to remove them.  It also derives revenue from paid advertising that incorporates the names of the individuals.  It posts the photographs within hours of the individuals' arrests and without regard to their guilt.  It also inflates search engine results to ensure its Web sites would be a top result in a search for the individual's name.  Even after an individual has paid to have a photograph removed, defendant posts additional photographs of the same individual to obtain additional payments.

Plaintiff alleged these acts constituted misappropriation of likeness in violation of Civil Code section 3344 because defendant used the names and photographs "for

---

[1]     SLAPP stands for strategic lawsuit against public participation.

2

purposes of selling the service of removing the photographs and names of the Plaintiff and Class, and for the purpose of profiting from advertising directly connected with the name and photograph of the Plaintiff and Class." Plaintiff also alleged these acts were unlawful and unfair business practices pursuant to Business and Professions Code section 17200. They were unlawful because they violated Civil Code section 3344, and they were unfair because they violated the public policy embodied in Civil Code section 3344, they violated the "spirit" of extortion and profiteering laws codified in Penal Code sections 518 through 527 (extortion) and 186.2 through 186.8 (profiteering), and they were "immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers."

Following the filing of plaintiff's complaint, defendant stopped allowing individuals to pay the fee to remove the photographs.

Defendant moved to strike both causes of action pursuant to the anti-SLAPP statute, arguing the publication of public arrest records was protected free speech activity in a public forum on an issue of public interest pursuant to section 425.16, subdivision (e)(3) and (4) and plaintiff could not show a probability of prevailing. Plaintiff opposed, arguing his claims did not challenge the publication of booking photographs, but charging a fee to remove them. Plaintiff also claimed the Web sites were not public forums and the booking photographs were not matters of public interest. But even if the claims were based on protected activity, plaintiff argued he showed a probability of prevailing on his claims.

After a hearing, the trial court denied the motion in a detailed order. Analyzing plaintiff's claims exclusively under section 425.16, subdivision (e)(3), it held the Web sites were public forums but posting an individual's booking photographs before he or she is indicted or convicted did not constitute a matter of public interest. It also found plaintiff's claims were not based on the protected activity of posting public record booking photographs, but based on defendant's unprotected activity of "attempt[ing] to use those posted images to allegedly extort the class" by charging the fee to remove them and of making money on individual's names through directed advertising. But even if

3

plaintiff's claims were based on protected activity, the court held plaintiff demonstrated a probability of prevailing because the posting of the photographs to solicit advertising and a removal fee was commercial speech subject to Civil Code section 3344, and neither Civil Code section 3344, subdivision (d) nor the Communication Decency Act of 1996, 47 U.S.C. § 230(c), barred plaintiff's claims. Defendant timely appealed.

## DISCUSSION

Under the anti-SLAPP statute, a defendant may move to strike any cause of action "arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue . . . , unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) "The statute 'requires the court to engage in a two-step process. First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts [about] which the plaintiff complains were taken "in furtherance of the [defendant]'s right of . . . free speech under the United States or California Constitution in connection with a public issue . . ." . . . . [Citation.] If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim.'" (*Mendoza v. ADP Screening & Selection Services, Inc.* (2010) 182 Cal.App.4th 1644, 1651.) We review the trial court's ruling on an anti-SLAPP motion de novo. (*Id.* at pp. 1651-1652.)

As relevant here, the anti-SLAPP statute defines an "'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue'" to include "any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest" (§ 425.16, subd. (e)(3)) and "any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest" (§ 425.16, subd. (e)(4)). The trial court analyzed plaintiff's claims exclusively under subdivision (e)(3), which contains a public

4

forum requirement not present in subdivision (e)(4). (*Hailstone v. Martinez* (2008) 169 Cal.App.4th 728, 736.) Nonetheless, we agree with the trial court (and plaintiff does not dispute on appeal) that defendant's Web sites qualified as public forums. (See *Hupp v. Freedom Communications, Inc.* (2013) 221 Cal.App.4th 398, 404 ["Our Supreme Court has held that '[w]eb sites accessible to the public . . . are "public forums" for purposes of the anti-SLAPP statute.'"].) So the primary question is whether plaintiff's claims arise from statements or conduct connected to an issue of public interest.

If this case involved only defendant's posting of publicly available booking photographs on its Web sites, defendant would have a strong argument that plaintiff's claims are based on protected activity. We disagree with the trial court's conclusion that "there is no public purpose to be served by posting mug shots of arrestees prior to indictment or conviction, and certainly no public purpose served where the record of arrestees is incomplete and inaccurate since the posting can easily be removed for a fee." The focus of the anti-SLAPP statute is not speech or conduct with a public *purpose*, but speech or conduct related to an issue of public *interest*. The public interest requirement is construed broadly, and it includes "'"any issue in which the public is interested."'" (*Hecimovich v. Encinal School Parent Teacher Organization* (2012) 203 Cal.App.4th 450, 464-465.) Reposting publicly available booking photographs collected through local law enforcement agencies qualifies, even if the individuals have not been indicted or convicted and even if the records posted are "incomplete and inaccurate" because some individuals have paid a fee to have their photographs removed. Reposting even a single publicly available booking photograph could interest a substantial portion of the public by, for example, notifying the public that someone is a criminal suspect, helping prevent wrongful arrests, and assisting the public in policing law enforcement activities. Indeed, we see no reason why law enforcement would release booking photographs in the first place if the public were not interested in seeing them.

But nowhere in his complaint does plaintiff challenge defendant's arguably protected conduct of posting publicly available booking photographs on its Web sites. Instead, plaintiff's claims are based entirely on defendant's separate acts of charging a fee

5

to remove booking photographs once they are posted and incorporating pictured individuals' names into advertising on its Web sites.**2**  In determining whether the anti-SLAPP statute applies, "the critical point is whether the plaintiff's cause of action itself was *based on* an act in furtherance of the defendant's right of petition or free speech." (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78 (*Cashman*).)  "The anti-SLAPP statute's definitional focus is not the form of the plaintiff's cause of action but, rather, the defendant's *activity* that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 92.)  "Thus, when allegations of nonprotected activity are incidental or collateral to a plaintiff's claim challenging primarily the exercise of the rights of free speech or petition, they may be disregarded in determining whether the cause of action arises from protected activity.  Conversely, if the allegations of protected activity are only incidental to a cause of action based essentially on nonprotected activity, the mere mention of the protected activity does not subject the cause of action to an anti-SLAPP motion."  (*Scott v. Metabolife Internat., Inc.* (2004) 115 Cal.App.4th 404, 414.)  Defendant does not argue that the acts of charging the removal fee and using pictured individuals' names in advertising are protected speech activities, so the anti-SLAPP statute does not apply.

Defendant cites *Doe v. Gangland Productions, Inc.* (9th Cir. 2013) 730 F.3d 946 (*Doe*) to avoid this conclusion.  In that case, the plaintiff sued a production company and others after they aired an interview with him on television without concealing his identity in contravention of the parties' agreement to do so.  (*Id.* at p. 950.)  The district court denied the defendants' anti-SLAPP motion, reasoning the anti-SLAPP statute did not apply because, while the broadcast itself was protected activity, "'the core of Plaintiff's complaint attacks Defendants' broadcast of the Program *without concealing his identity*,'" which was not protected.  (*Id.* at p. 954.)  The court of appeals found the

---

**2**      The parties do not separately analyze plaintiff's unfair business practices claim, so we will treat it as derivative of plaintiff's misappropriation claim.

district court incorrectly reasoned that "a lawful broadcast is in furtherance of Defendants' right of free speech, but an unlawful broadcast is not," which conflated the protected activity and merits prongs of the anti-SLAPP statute. (*Ibid.*) Instead, "California courts consistently hold that defendants may satisfy their burden to show that they were engaged in conduct in furtherance of their right of free speech under the anti-SLAPP statute, even when their conduct was allegedly unlawful." (*Ibid.*)

We find *Doe* distinguishable. In that case, the plaintiff really challenged only one act: the broadcast. It therefore made sense he could not remove that act from anti-SLAPP coverage simply by alleging it was done unlawfully. If he could, the anti-SLAPP statute would never apply to any claim, given every lawsuit necessarily involves acts the plaintiff claims are unlawful in some way. But here defendant's conduct can be easily separated into two distinct acts: posting booking photographs, which plaintiff has not challenged, and charging a removal fee and/or using pictured individuals' names in advertising, which plaintiff has challenged. Thus, *Doe*'s lawful/unlawful distinction is not implicated and the anti-SLAPP statute does not apply.

Because plaintiff's claims did not arise from protected activity, we need not decide whether he has shown a probability of prevailing. (*Cashman, supra*, 29 Cal.4th at pp. 80-81.)

## DISPOSITION

The judgment is affirmed. Respondent is awarded costs on appeal.


FLIER, J.

WE CONCUR:


BIGELOW, P. J.


GRIMES, J.

7